USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SEAN WEBB,                          :

                Petitioner,         :
                                         10 Civ. 7603 (PGG)(HBP)
      -against-                     :
                                         MEMORANDUM OPINION
D.E. LaCLAIR,                       :    AND ORDER

                Respondent.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Petitioner, an inmate in the custody of the New York State Department of Correctional Services, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. By motion dated October 21, 2010 (Docket Item 5), petitioner seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. For the reasons set forth below, the motion is denied without prejudice to renewal.

It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such a proceeding is a matter of discretion. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986);

Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001). Accordingly, petitioner's application should be analyzed in the same manner as any other application for pro bono counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge

2

should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> > stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the Court of Appeals] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the Court of Appeals] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

I am willing to assume that petitioner lacks the resources to retain counsel because he is incarcerated. Although he provides no information on the subject, I am also willing to assume that petitioner needs an attorney because he has no legal training. However, petitioner's application establishes none of the other elements relevant to an application for counsel. For example, petitioner provides no information concerning the steps, if any, he has taken to find an attorney on his own.

In addition, it does not appear at this time that petitioner's claims are sufficiently meritorious to warrant the

appointment of counsel. Petitioner, who has one prior felony conviction, was convicted in New York State Supreme Court, New York County, after a jury trial, of one count of robbery in the second degree, in violation of New York Penal Law Section 160.10. Petitioner asserts three claims: (1) his trial counsel was ineffective by failing to protect petitioner's state law right to testify in the grand jury; (2) a juror who had had prior contact with one of the prosecution's witnesses should have been disqualified, and (3) his sentence is excessive. Although it would be premature to determine the ultimate merit of these claims at this stage of the proceedings, it does appear, at least preliminarily, that these claims lack sufficient merit to warrant the appointment of counsel.

An essential element of a claim of ineffective assistance of counsel is a showing that petitioner was prejudiced by counsel's allegedly deficient performance.

> [T]he defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 686-87 (1984); accord Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005); Aeid v.

4

Bennett, 296 F.3d 58, 62-63 (2d Cir. 2002); Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000); Guerrero v. United States, 186 F.3d 275, 281-82 (2d Cir. 1999); McKee v. United States, 167 F.3d 103, 106-07 (2d Cir. 1999); Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998). Given petitioner's subsequent conviction by a jury at trial, is doubtful that he will be able to show that he suffered any prejudice as a result of not testifying in the grand jury. United States v. Mechanik, 475 U.S. 66, 68 (1986) ("The petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted. Therefore, the convictions must stand despite the grand jury's rule violation."); see also Davis v. Mantello, 42 F. App'x 488, 491 n.1 (2d Cir. 2002).

Petitioner's claim based the Trial Court's failure to disqualify a juror who had had some prior contact with one of the prosecution's witnesses is also problematic. In the absence of evidence of bias, the mere fact that a juror is acquainted with one of the prosecution's witness does mandate disqualification of the juror. United States v. Ashlock, 224 F. App'x 803, 806-07 (10th Cir. 2007); United States v. Donegan, 97 F. App'x 649, 651 (7th Cir. 2004); United States v. McCaw, 92 F. App'x 372, 373 (8th Cir. 2004).

5

Finally, given the fact that petitioner does not claim that his sentence is illegal under state law, it is highly unlikely that petitioner's challenge to his 11-year sentence for the crime of robbery constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment that is cognizable in a federal habeas proceeding. Ewing v. California, 538 U.S. 11 (2003) (sentence of 25 years to life imposed on recidivist for stealing three golf clubs not cruel and unusual); Lockyer v. Andrade, 538 U.S. 77 (2003)(sentence of 25 years to life for stealing $150 worth of videotapes not cruel and unusual); Rummel v. Estelle, 445 U.S. 263 (1980) (sentence of life imprisonment for third-time felon who had, over the course of nine years, committed three larcenies with loss amounts of $80.00, $28.36 and $120.75, respectively, not cruel and unusual punishment).

Since it appears at this stage that the petition lacks likely merit I conclude the appointment of counsel for petitioner is not warranted.

Accordingly, for all the foregoing reasons, petitioner's motion for the appointment of counsel pursuant to the Criminal Justice Act is denied without prejudice to renewal. Any

6

renewed application should be accompanied by an affidavit establishing the merits.

Dated: New York, New York
       June 20, 2011

          SO ORDERED

          _____
          HENRY PITMAN
          United States Magistrate Judge

Copies mailed to:

Mr. Sean Webb
DIN 06-A-4698
Fishkill Correctional Facility
271 Matteawan Road
P.O. Box 1245
Beacon, New York 12508-0307

7